JUN 28 '12 PM 2:15 USB

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

**FILING FEE NOT PAID**

In Re: )
)
ADITA VAZQUEZ ) Chapter 13
) Case No. 11-19682-JNF
Debtor, )
)
)

### MOTION FOR RELIEF FROM STAY
### (66-66R STANLEY STREET, DORCHESTER)

To the Honorable Joan N. Feeney, U.S. Bankruptcy Judge:

Daniel G. McAuley, Jr. (hereinafter "McAuley"), hereby moves the Court for relief from stay against property located at **66-66R Stanley Street, Dorchester, Massachusetts,** pursuant to Section 362(d) of the Bankruptcy Code ("Property").

In support of this motion, McAuley represents as follows:

### Procedural Status

1. On October 13, 2011, Adita Vazquez filed a petition under Chapter 13 of the United States Bankruptcy Code, commencing this case ("Vazquez") ("Commencement Date").

2. The Debtor's Chapter 13 Plan has not been confirmed.

### The Receivership

3. On February 5, 2010, at the request of the City of Boston, by and through it's Inspectional Services Department, after notice and a hearing in the Boston Housing Court, the Court (Muirhead, J.) appointed McAuley as receiver of the Property located at **66-66R**

1

**Stanley Street, Dorchester, Massachusetts,** pursuant to M.G.L.A. c. 111, sec. 127I (**Exhibit 1**: Receivership Statute G.L. c. 111 sec. 127I).

4.  A copy of the Order appointing Receiver is recorded in the Suffolk County Registry of Deeds in Book 46103 Page 276, and attached hereto as **Exhibit 2**.

5.  The Receivership Order imposes duties upon, and grants rights to, the Receiver regarding the Property. This includes the benefit of a super priority lien to secure the costs incident to compliance including repairs, maintenance, operations, management, and Receiver Fees ("Receiver's Lien").

6.  In performing his duties under the Receivership Order, the Receiver acknowledges that his activities primarily bear on the health and safety of the occupants, neighboring homes, and the public in general, thereby making such activities an exception to the stay pursuant to Section 362(b)(4) of the Bankruptcy Code. As such, the Receiver contends that the enforcement of the Receivership Lien is likewise arguably also excepted from the stay.

7.  Receiver now seeks relief from the automatic stay in order to proceed to foreclose on his Receiver's Lien and protect Receiver's priority lien.

8.  Receiver contends that relief from stay as to the Property is prudent for his receivership duties, and Receiver requests that the Court enter an order that (a) grants the Receiver relief from

stay to proceed with a foreclosure auction of the Receiver's Lien.

9. Receiver respectfully represents that (a) Vazquez cannot provide the adequate protection contemplated under Section 361 of the Bankruptcy Code and (b) there is no equity in the Property and the Property is not necessary to an effective reorganization, thus warranting relief from stay under Section 362(d)(1) and Section 362(d)(2) of the Bankruptcy Code.

10. The relief requested will contribute to the harmonious administration of the proceedings affecting Vazquez and the Property pending in the Boston Housing Court, as well as this Court.

11. A similar motion for relief from stay within the same context was granted by this Court to a Housing Court Receiver in a recent case In Re: Michael J. Legere, Ch. 13 Case No. 10-17796-JNF (See **Exhibit 3**: Order Granting Relief From Stay (Feeney, J.).

WHEREFORE, Daniel G. McAuley, Jr., Esq., request that the Court

1. Enter an order, in the form annexed hereto, granting relief from stay to McAuley to foreclose on Receiver's Priority Lien, in the amount approved by the Boston Housing Court;

2. Order such other and further relief as the Court deems just and proper.

3

Respectfully Submitted,

Receiver,

*[signature]*

Daniel G. McAuley, Jr., Receiver
BBO#: 564704
Attorney at Law
400 TradeCenter, Suite 5900
Woburn, MA 01801
(781) 569-5080
(781) 287-1172 Fax
Email: dgmesq@comcast.net

Dated: June 28, 2012

JUN 28'12 PM 2:15 USB

JUN 28'12 PM 2:15 USB

# **EXHIBIT 1**



THE 187TH GENERAL COURT OF
THE COMMONWEALTH OF MASSACHUSETTS

Home  Glossary  FAQs
site search
Options

Massachusetts Laws | Bills | State Budget | People | Committees | Educate & Engage | Events | Redistricting

Massachusetts Laws
Massachusetts Constitution
General Laws
Session Laws
Rules

General Laws

Print Page

PART I         ADMINISTRATION OF THE GOVERNMENT
               (Chapters 1 through 182)

PREV  NEXT

TITLE XVI      PUBLIC HEALTH

PREV  NEXT

CHAPTER 111    PUBLIC HEALTH

PREV  NEXT

Section 127I   Enforcement of sanitary code; remedies; receiver

PREV  NEXT

Section 127I. Upon the filing of a petition to enforce the provisions of the sanitary code, or any civil action concerning violations of the sanitary code by any affected occupants or a public agency, whether begun in the district, housing or superior court, and whether brought under section one hundred and twenty-seven C or otherwise, the court may: issue temporary restraining orders, preliminary or permanent injunctions; order payment by any affected occupants to the clerk of court, in accordance with the provisions of section one hundred and twenty-seven F; or appoint a receiver whose rights, duties and powers shall be specified by the court in accordance with the provisions of this section.

Upon receipt of service of any petition in which the appointment of a receiver is sought, the owner shall provide to the petitioner, within three days, a written list of all mortgagees and lienors of record. At least fourteen days prior to any hearing in any such proceeding, the petitioner shall send by certified or registered mail a copy of the petition to all mortgagees and lienors included in the owner's list as well as to all other mortgagees and lienors of which the petitioner may be aware, and shall notify them of the time and place of the hearing. Upon motion of the petitioner, the court may order such shorter periods of prior notice as may be justified by the facts of the case.

Whenever a petitioner shows that violations of the sanitary code will not be promptly remedied unless a receiver is appointed and the court determines that such appointment is in the best interest of occupants residing in the property, the court shall appoint a receiver of the property. Any receiver appointed under this paragraph may be removed by the court upon a showing that the receiver is not diligently carrying out the work necessary to bring the property into compliance with the code, or that it is in the best interest of any tenants residing in the property that removal occur.

No receiver shall be appointed until the receiver furnishes a bond or such other surety and provides proof of such liability insurance as the court deems sufficient in the circumstances of the case. Upon appointment, the receiver shall promptly repair the property and maintain it in a safe and healthful condition. The receiver shall have full power to borrow funds and to grant

security interests or liens on the affected property, to make such contracts as the receiver may deem necessary, and, notwithstanding any special or general law to the contrary, shall not be subject to any public bidding law nor considered a state, county or municipal employee for any purpose. In order to secure payment of any costs incurred and repayment of any loans for repair, operation, maintenance or management of the property, the receiver shall have a lien with priority over all other liens or mortgages except municipal liens, and such lien priority may be assigned to lenders for the purpose of securing loans for repair, operation, maintenance or management of the property. No such lien shall be effective unless recorded in the registry for the county in which the property is located.

The receiver shall be authorized to collect rents and shall apply the rents to payment of any repairs necessary to bring the property into compliance with the sanitary code and to necessary expenses of operation, maintenance, and management of the property, including insurance expenses and reasonable fees of the receiver, and then to payment of any unpaid taxes, assessments, penalties or interest. Any excess of income in the hands of the receiver shall then be applied to payments due any mortgagee or lienor of record.

Nothing in this section shall be deemed to relieve the owner of property of any civil or criminal liability or any duty imposed by reason of acts or omissions of the owner, nor shall appointment of a receiver suspend any obligation the owner or any other person may have for payment of taxes, of any operating or maintenance expense, or of mortgages or liens, or for repair of the premises.

The receiver shall be liable for injuries to persons and property to the same extent as the owner would have been liable; however, such liability shall be limited to the assets and income of the receivership, including any proceeds of insurance purchased by the receiver in its capacity as receiver. The receiver shall in no instance be personally liable for actions or inactions within the scope of the receiver's capacity as receiver. No suit shall be brought against the receiver except as approved by the court which appointed the receiver. Nothing herein shall be construed to limit the right of tenants to raise any counterclaims or defenses in any summary process or other action regarding possession brought by a receiver.

The remedies set forth herein shall be available to condominium unit owners and tenants in condominium units. Whenever used in this section, the term "petitioner" shall include a condominium unit owner or tenant, the term "owner" shall include a condominium association, the terms "mortgagees" and "lienors" shall include mortgagees and lienors of individual condominium units, and the term "rents" shall include condominium fees. The receiver shall have the right to impose assessments upon individual condominium units for payment of expenses incurred in the exercise of his powers, which liens shall have priority over all other liens and mortgages, except municipal liens.

The receiver shall file with the court and with all parties of record, on a bimonthly basis, an accounting of all funds received by and owed to the receiver, and all funds disbursed, and shall comply with such other reporting requirements mandated by court, unless, for cause shown, the court determines that less frequent or less detailed reports are appropriate; provided that said notice shall not be less than five days.

Copyright © 2012 The General Court, All Rights Reserved

# EXHIBIT 2

Bk: 46103 Pg: 276    Doc: ORD
Page: 1 of 4    02/23/2010 01:47 PM

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

HOUSING COURT DEPARTMENT
CITY OF BOSTON DIVISION
CASE NO: 09-CV-000424

CITY OF BOSTON, INSPECTIONAL )
SERVICES DEPARTMENT, )
)
Plaintiff, )
)
v. )
)
MARVIN BODDEN, )
)
Defendants )

HOUSING COURT DEPT.
CITY OF BOSTON DIV.
A TRUE COPY
ATTEST:

CLERK MAGISTRATE
DATE 2/12/10

## ORDER APPOINTING RECEIVER

1. **Introduction**

Pursuant to G.L. c. 111, § 127I and the general equity powers of this Court, having found there was a history of numerous and long standing violations of the State Sanitary and Building Codes which would not be promptly corrected unless a receiver were appointed, the Court herein appoints:

Daniel G. McAuley, Jr., Esq., (hereinafter "Receiver")
BBO# 564704
100 George P. Hassett Drive
Medford, MA 02155
(781) 395-1080

Attested hereto

Francis M. Roache
Register of Deeds

to serve as Receiver in the above captioned action, for the property at **65 Stanley Street, Dorchester, Massachusetts.** For a title reference to this property, please see Quitclaim Deed, duly executed and recorded in the Suffolk County Registry of Deeds on January 23, 2007, at Book 41168, Page 169.

D. McAuley
100 George Hassett Dr
Medford MA 02155

66 Stanley St., Dorch.

2. <u>**Authorities, Duties & Rights of Receiver**</u>:

Receiver shall have all the rights, duties, obligations, and protections of a Receiver as established by G.L. c. 111 § 127I, and other applicable provisions and law, including, but not limited to the following:

(a). Take possession and control of the property, including the right to enter, modify, and terminate tenancies pursuant to Massachusetts Law, and to charge and collect rents and apply rents collected to the costs incurred due to the receivership.

(b). Negotiate contracts and pay all expenses associated with the operation, conservation, or redevelopment of the property, including, but not limited to, all utility, fuel, custodial, repair, management, and insurance costs.

(c). Pay all accrued property taxes, penalties, assessments, and other charges imposed on the property by a unit of government, as well as any charge of like nature accruing during the pendency of the receivership.

(d). Dispose of all abandoned personal property found on the premises.

(e). Retain contractors to repair, restore, renovate, demolish, reconstruct, or otherwise, the subject Property, in order to render it and the surrounding area safe and habitable.

(f). Obtain financing and grant security interests or liens on the Property with public or private lenders, and to so encumber the property so as to have moneys available to address the conditions at the property giving rise to this receivership.

(g). Employ companies, persons or agents to perform its duties hereunder;

(h). Charge a Receiver's Fee at an hourly rate as approved by the court;

(i). The Receiver shall file with the Court and serve upon all parties an initial inspection report, and thereafter status reports as required.

(j). Verify title to the property that is the subject matter of this action and take all reasonable actions to (i) add as parties hereto all parties who do or could claim an interest in such property, all lien holders and any party necessary to obtain full relief hereunder or to accomplish the purposes of this receivership, and (ii) obtain clear, marketable and insurable title to the property.

3. **Priority Liens and Mortgages:**

Pursuant to G.L. c. 111, § 127I, all costs and expenses of the Receiver, and the repayment of any loans for the repair, operation, maintenance, management, demolition or otherwise, of the Property shall constitute a "super-priority" lien on the property with first position priority over all other liens or mortgages except for municipal liens.

4. **Claims against Receiver / Liability and Agency:**

As set forth in G.L. c. 111, § 127I (as amended), the Receiver or its agents or employees shall be immune from suits for negligence in the performance of their duties herein stated, except to the extent of assets of this receivership. The Receiver shall not be liable in contract, tort, or criminally to any tenant, owner, heir, heir apparent, trustee, Executor or Executrix and any creditor or to any governmental agency on account of the condition of the Property, any Code violation or otherwise. Neither the Receiver nor its agents or employees shall have personal liability whatsoever in contract or otherwise to any creditor, owner, heir, heir apparent, trustee, Executor or Executrix of the Property for actions taken within the scope of the receivership. The Receiver may purchase liability insurance for all risks, and such insurance may be charged to the expenses of the receivership.

5. **Further Court Orders:**

The Petitioner, the Respondent, the Receiver and any other interested parties shall have the right to request from the Court, by motion and with advance notice, further orders consistent with G.L. c. 111, § 127I, common law, or the terms of this Order. In the event of emergencies, service of motions to parties on this action by facsimile transmission shall be acceptable.

6. **Review by Court:**

This matter is scheduled for a status hearing on 3/5/10 _____ at the Edward W. Brooke Courthouse, 24 New Chardon Street, Boston, Mass.

SO ORDERED.

Dated: 2/5/10

MARYLOU MUIRHEAD,
ASSOCIATE JUSTICE

I hereby accept such appointment as Receiver:

Dated: 2/5/10

Daniel G. McAuley, Jr., Esq.,
BBO# 564704
100 George P. Hassett Drive
Medford, MA 02155
(781) 395-1080

Approved as to form and content:

Dated: 2/5/10

For the City of Boston,
By its Attorney,

Edward Coburn, Esq.
BBO # 655916
Boston Inspectional Services Department
1010 Massachusetts Avenue
Boston, MA 02118
617-961-3465
617-635-5385 (fax)

4

# **EXHIBIT 3**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

Bk: 58548 Pg: 308 Doc: ORD
Page: 1 of 1 02/24/2012 11:32 AM

In re: )
)
MICHAEL J. LEGERE ) Chapter 13
) Case No. 10-17796-JNF
Debtor. )
)

## ORDER GRANTING RELIEF FROM STAY

Dated at Boston, in said District, this _____ day of September 2011.

This matter is before the Court on the Motion for Relief from Stay (82 Pearson Avenue) filed by James J. Cotter III as Receiver of the property located at 82 Pearson Avenue, Somerville, Massachusetts ("Property"). After full consideration, proper service having been made, and due notice having been given, it is hereby ORDERED as follows:

1. The Motion is Granted.

2. The Receiver is relieved of the stay imposed by 11 U.S.C. Sec. 362 and/or 11 U.S.C. Sec. 1301 with respect to the Property, to the extent necessary and for all purposes under the Bankruptcy Code.

3. The Receiver may proceed against the Property by means of foreclosure, deed in lieu, loan modification, summary process, private or public sale, and/or eviction or any other means thereafter to obtain complete possession thereof, in furtherance of the Receiver's responsibilities under the Receivership Order set forth in the Motion, all pursuant to applicable state and federal law.

10/20/2011
Hon. Joan N. Feeney, U.S. Bankruptcy Judge

Bk. 51944 p. 116

Certified to be a true and correct copy of the original
James M. Lynch, Clerk
U.S. Bankruptcy Court
District of Massachusetts
By: _____ Deputy Clerk
Date: 10/20/11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:

ADITA VAZQUEZ

    Debtor,

Chapter 13
Case No. 11-19682-JNF

## ORDER GRANTING RELIEF FROM STAY

Dated at Boston, in said District, this ____ day of _____, 2012.

This matter is before the Court on the Motion for Relief from Stay filed by Daniel G. McAuley, Jr., as Receiver of the property located at 66-66R Stanley Street, Dorchester, Massachusetts ("Property") pursuant to an Order of the Boston Housing Court recorded in the Suffolk County Registry of Deeds at Book 46103 Page 276. After full consideration, proper service having been made, and due notice having been given, it is hereby ORDERED as follows:

    1.    The Motion is GRANTED.

    2.    The Receiver is relieved of the stay imposed by 11 U.S.C. Sec. 362 and/or 11 U.S.C. Sec. 1301, with respect to the Property at 66-66R Stanley Street, Dorchester, Massachusetts, for all purposes under the Bankruptcy Code.

    3.    The Receiver may proceed against the Property by means of foreclosure, deed in lieu, summary process, private or public sale, and/or eviction or any other means permissible by law, in furtherance of the Receiver's responsibilities under the Receivership Order set forth in the Motion, all pursuant to applicable state and federal law.